NAKIA ROSE,

                                        Petitioner,

          v.

                                                            9:13-CV-299
WILLIAM LEE, Superintendent,                                (MAD/ATB)
Green Haven Correctional Facility,

                                        Respondent.

NAKIA ROSE, Petitioner pro se
LEILANI J. RODRIGUEZ, AAG, for Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant

to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Mae A.

D'Agostino, United States District Judge.

Presently before this court is a petition seeking a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).  Petitioner's judgment of conviction was

entered in New York State Supreme Court, Albany County on February 9, 2009.

Petitioner was convicted after a jury trial of one count of Assault, First Degree; two

counts of Robbery, First Degree; one count of Robbery, Second Degree; two counts of

Criminal Possession of a Weapon, Second Degree; and one count of Criminal

Possession of Stolen Property, Fourth Degree.  Petitioner was sentenced as a second

felony offender to a maximum determinate prison term of 25 years together with five

years of post-release supervision.

The Appellate Division, Third Department affirmed petitioner's judgment on

April 22, 2010, and the New York Court of Appeals denied leave to appeal on January 18, 2011. *People v. Rose*, 72 A.D.3d 1341 (3d Dep't), *lv. denied*, 16 N.Y.3d 745 (2011). Petitioner filed a motion to vacate his conviction pursuant to N.Y. Crim. Proc. Law § 440.10, which was denied. The Appellate Division denied leave to appeal on June 23, 2012. Petitioner also filed a coram nobis petition in the Appellate Division, which was denied on November 16, 2012. The New York Court of Appeals denied leave to appeal the denial of the coram nobis on February 21, 2013.

Petitioner raises the following grounds for this court's review:

1.    The petitioner's seizure and detention were in violation of both federal and state constitutional standards, and the evidence seized as a result should have been suppressed. (Pet. at pp.3-4) (Ground One).

2.    Petitioner was denied the effective assistance of trial counsel. (Pet. at pp.4-5) (Grounds Two and Three).

3.    Petitioner was denied due process when the trial court failed to require a response to petitioner's N.Y. Crim. Proc. Law § 440.10 motion to vacate, the decision on the motion was arbitrary, and the court failed to address the merits of petitioner's claims. (Pet. at p.5).

4.    Petitioner's appellate counsel was ineffective in failing to raise the issue of ineffective assistance of trial counsel. (Pet. at p.5).

Respondent argues for denial of the petition, claiming that the petition is untimely, some of the issues are not cognizable, some are procedurally defaulted, and some are meritless. For the following reasons, this court agrees with respondent that the petition is untimely and will recommend dismissal on that basis.

**DISCUSSION**

I.   **Statute of Limitations**

A.   **Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  *Id.* § 2244(d)(1)(A).  If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[1]  *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized **and** made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(B), (C), and (D).  In *Duncan v.*

---

[1] The ninety-day time period is the time that petitioner would have had to seek direct review of her conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150–51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C. § 2244(d)(1)(A)).

*Walker*, 533 U.S. 167, 179 (2001), the Supreme Court stated that this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."

The AEDPA, provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244 (d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir. 2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *affd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period. *Holland v. Florida*, 560 U.S. 631, ___ ,130 S. Ct. 2549, 2562 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See*

4

*Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

**B.      Application**

There is no dispute regarding the dates of the state court proceedings in this case.  The Appellate Division, Third Department affirmed petitioner's judgment on April 22, 2010, and the New York Court of Appeals denied leave to appeal on January 18, 2011. *People v. Rose*, 72 A.D.3d 1341 (3d Dep't), *lv. denied*, 16 N.Y.3d 745 (2011).  Petitioner did not seek direct review in the Supreme Court, therefore, his conviction became final on April 18, 2011, ninety days after January 18, 2011.  The statute of limitations began to run, and petitioner had until April 18, 2012 to file his habeas corpus petition.

**1.      Statutory Tolling**

The statute ran for 316 days until petitioner filed his section 440.10 motion to vacate on February 29, 2012.  At that point, 49 days were left in the statute of limitations.  The trial court denied petitioner's section 440.10 motion on April 16, 2012 (Resp't's Ex. H), and petitioner applied for leave to appeal the denial.  The Appellate Division denied leave to appeal on June 29, 2012.[2] (Resp't's Ex. J).  Thus, the statute was tolled until June 29, 2012 and began to run again on that date. Petitioner had 49 more days remaining on the statute of limitations.  Petitioner would have had until **August 17, 2012** to file his habeas petition or to file another properly

---

[2] The court notes that the date and exhibit reference in respondent's memorandum of law are both incorrect.  Respondent's memorandum of law states that the date of the denial was June 23, 2012 and that the Exhibit is Ex. I.  However, the Appellate Division, Third Department denied leave to appeal the denial of the section 440.10 motion on June 29, 2012. (Resp't's Ex. J).  This error does not change the court's decision.  The petition is still untimely.

filed motion for collateral relief in state court.

Petitioner did not file his coram nobis application until October 11, 2012.[3] (Resp't's Ex. K). At the time that petitioner filed his coram nobis application, the statute of limitations for filing a federal habeas corpus petition had run. Filing a new collateral motion does not re-start the statute of limitations period. *See Diaz v. Kelly*, 515 F.3d 149, 152 (2d Cir 2008) (where petitioner files a state court application after the one year statutory period had already expired, the subsequent state court proceeding did not toll the federal limitations period). The petition in this case was postmarked March 13, 2013 and was dated March 12, 2013. (Pet. at p.6). Regardless of the date used by this court for its calculations, the petitioner is approximately 207[4] days late in filing his petition, and the petition is time-barred unless equitable tolling applies.

---

[3] The court notes that the petitioner does not claim to have filed any other state court collateral application between June 29, 2012 and October 11, 2012, when he signed his coram nobis application. (Pet. ¶¶ 9-10).

[4] Respondent's calculation shows that the petition is only 80 days late. (Resp't's Mem. of Law at 17) (Dkt. No. 7-1). However, respondent appears to have given the petitioner credit for the period between his coram nobis application and the New York Court of Appeals denial of leave to appeal on February 21, 2003. If the statute of limitations began to run again on June 29, 2012, with only 49 days remaining, the statute expired on August 17, 2012. Contrary to the respondent's allegation, a statute that has only 49 days remaining cannot "run" for another 110 days until petitioner signed his coram nobis application, and a statute that has already run, cannot be "tolled" while the coram nobis application was pending. Once the statute of limitations ran on August 17, 2012, petitioner could not revive it by filing another motion for state collateral relief. *Diaz, supra. See also De Los Santos v. Ercole*, No. 07-CV-7569, 2013 WL 1189474, at *3 (S.D.N.Y. Mar. 22, 2013) (citations omitted); *Conception v. Brown*, 794 F. Supp. 2d 416, 420 (W.D.N.Y. 2011) (same). Thus, petitioner in this case was not 80 days late, he was 207 days late, (the time between the running of the statute on August 17, 2012 until he signed his habeas petition on March 13, 2013), in filing his habeas petition in federal court.

## 2.      Equitable Tolling

Petitioner has advanced no reason for this court to find that equitable tolling

should apply.  Although he did not become aware of the respondent's argument until

respondent filed his memorandum of law, petitioner has had time to file a traverse,

setting forth his reasons that the court should equitably toll the statute of limitations in

this case or request additional time to do so.  There are no exceptional circumstances

that stood in the way of filing his federal petition.  Petitioner waited almost one year

after his direct appeal was final before he filed his section 440.10 motion to vacate.  A

reading of the section 440.10 motion shows that it contains information that petitioner

knew since the time of trial, thus, there were no extraordinary circumstances that

would justify the delay and provide a basis for equitable tolling.

Finally, petitioner has not asserted a claim of actual innocence in this petition,

and a review of his grounds for relief shows that none of them are related to a claim

that petitioner was factually innocent of the charges.[5]  In any event, the actual

---

[5] Petitioner was the victim's (Michael Brown's) drug supplier.  Brown owed a substantial
amount of money from the sale of marijuana.  Brown's home was burglarized, and the money owed
to petitioner was stolen.  Brown called petitioner to tell him that he did not have the money. (Trial
Transcript ("T") at 786).  Petitioner and his co-defendant Damion Tyrell drove from the Bronx to
Albany to visit Brown.  They took whatever money Brown had, and Tyrell shot Brown at petitioner's
urging. (T. 795-800). Tyrell and petitioner left in a black X5 BMW SUV with money they took from
the victim. (T. at 798, 802).  Brown was able to call 911 and reported the shooting to the police.
Petitioner and Tyrell were arrested when the SUV was stopped by police officers.  The officers
recovered two guns and money after an x-ray search of the SUV.  Petitioner moved to suppress the
evidence recovered from the SUV, but was unsuccessful.  Petitioner's defense at trial was to claim
that his co-defendant was the shooter, that petitioner was "not guilty" of any of the charges, and that
he was only "guilty" of riding in the SUV with Tyrell.  Petitioner's direct appeal of the conviction did
not focus on his innocence, and his section 440.10 motion to vacate challenged his unlawful detention
and his trial counsel's overall shortcomings, even though there is one sentence that states that he was
"factually" innocent.  However, Brown specifically identified petitioner as one of the two individuals

7

innocence exception requires that petitioner present "new evidence" showing that it is "more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, ___ U.S. ___ , 133 S. Ct. 1924, 1931, 1933 (2013) (alteration and quotation marks omitted). Petitioner has made no such allegation or showing. Thus, the petition may be dismissed as time-barred.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 20, 2013

_Andrew T. Baxter_

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

who came to his house, even though petitioner was not the one who shot Brown. (T. at 959). Petitioner's bases for habeas relief include a claim that the evidence found in the car in which he was arrested should have been suppressed; his attorney was ineffective in failing to move to dismiss the indictment on technical defects and various other bases that are unrelated to innocence. Thus, the court finds that equitable tolling based on actual innocence does not apply.