**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**NAKIA ROSE,**

                              **Petitioner,**

     vs.                                           **9:13-CV-299
                                                        (MAD/ATB)**

**WILLIAM LEE, Superintendent,
Green Haven Correctional Facility,**

                              **Respondent.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**NAKIA ROSE**
09-A-0768
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **THOMAS B. LITSKY, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Petitioner, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), at the Green Haven Correctional Facility, filed this petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as a *pro se* litigant. *See* Dkt. No. 1. In his petition for writ of habeas corpus, Petitioner raises four grounds for review: (1) Petitioner's seizure and detention were violations of both the United States Constitution and the New York State Constitution; (2) Petitioner was denied the effective

assistance of trial counsel under the standards required under both the United States Constitution and the New York State Constitution; (3) Petitioner was denied due process and equal protection of law when the trial court, in ruling on Petitioner's motion to vacate his conviction pursuant to N.Y. Crim. Pro. Law § 440.10, failed to require a response from the people, and that the judge's decision was conclusory, arbitrary and failed to address the merits of the claims; and (4) Petitioner's appellate counsel was ineffective because he failed to and was precluded from raising ineffective assistance of trial counsel. *See* Dkt. No. 1 at 3–5.

On September 20, 2013, Magistrate Judge Baxter issued a Report and Recommendation, recommending that Petitioner's writ of habeas corpus be denied and dismissed on the grounds that the petition was filed outside of the one-year statute of limitations period as required under 28 U.S.C. § 2244(d). *See* Dkt. No. 9. On October 8, 2013, Petitioner filed his objections to Magistrate Judge Baxter's Report and Recommendation. *See* Dkt. No. 12. In his objections, Petitioner contends that his petition for writ of habeas corpus was not time-barred and argues that his motion for the assignment of counsel should be not be dismissed because of his alleged statutory compliance. *See id.* at 3–7.

**II. BACKGROUND**

On or about May 25, 2007, Petitioner, along with another individual, Damion Tyrell, was arrested and charged with the robbery and assault of Michael Brown in Albany, New York. *See* Dkt. No. 1 at ¶ 2. On that date, Petitioner and his co-defendant drove from New York City to Albany, New York in order to collect a drug debt from Brown. *See* Dkt. No. 7-1 at 4. After Brown informed Petitioner and Tyrell that he was unable to pay the debt because the money had been previously stolen, at the instruction of Petitioner, Tyrell shot Brown in the leg and arm/chest area. *See id.* at 5. Before fleeing Brown's home, Petitioner and Tyrell stole over one thousand

dollars. *See id.* Based on the description Brown gave to the police, Petitioner and Tyrell were eventually arrested and taken into custody by State Troopers Ronald Harris and Leopold Klemke later that day. *See id.* at 6–7. On August 17, 2007, an Albany County Grand Jury handed down an eight-count indictment charging Petitioner with several offenses. *See id.* On February 6, 2009, the New York State Supreme Court, Albany Country, issued Petitioner a judgment of conviction. *See id.* at ¶ 3. Petitioner was convicted after a jury trial of one count of Assault in the First Degree; two counts of Robbery in the First Degree; one count of Robbery in the Second Degree; two counts of Criminal Possession of a Weapon in the Second Degree; and one count of Criminal Possession of Stolen Property in the Fourth Degree. *See id.* Petitioner was thus sentenced on February 9, 2009, to a determinate prison term of 25 years, followed by a five-year period of post-release supervision. *See id.* at 9. On April 22, 2010, the New York Supreme Court Appellate Division, Third Department, affirmed Petitioner's conviction and sentence, and the New York Court of Appeals denied leave to appeal on January 18, 2011. *See id.* at 12; *People v. Rose*, 72 A.D.3d 1341 (3d Dep't 2010), *lv. denied*, 16 N.Y.3d 745 (2011). Since Petitioner did not seek Supreme Court review, 90 days later, on April 18, 2011, Petitioner's criminal conviction became final. On February 29, 2012, 316 days after Petitioner's conviction became final, Petitioner filed a motion to vacate his conviction, pursuant to N.Y. Crim. Proc. Law § 440.10.[1] The trial court denied Petitioner's section 440.10 motion to vacate on April 16, 2012, and the

---

[1] Specifically, Petitioner filed a motion to vacate his conviction pursuant to N.Y. Crim. Pro. Law § 440.10(1)(h), which states: "At any time after the entry of a judgment, the court in which it was entered may, upon a motion of the defendant, vacate such a judgment upon the ground that: [t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States . . .." *See* N.Y. Crim. Pro. Law § 440.10(1)(h). Petitioner alleged that his counsel at the trial and pre-trial stages of the proceedings was ineffective because counsel failed to challenge the sufficiency of the indictment, failed to move for a judgment to acquit, and failed to object to the prosecutor's summation. *See* Dkt. No. 1 at 14–28.

3

Appellate Division denied leave to appeal on June 29, 2012. *See* Dkt. No. 12 at 4. Subsequently, Petitioner sought leave from the New York Court of Appeals to appeal the Appellate Division's denial of his section 440.10 motion, which was dismissed by the Court of Appeals on September 6, 2012. *See* Dkt. No. 12 at 4. On October 11, 2012, Petitioner filed a coram nobis petition[2] in the Appellate Division, which the court denied on November 16, 2012. *See* Dkt. No. 9 at 2. Petitioner sought leave to appeal the Appellate Division's denial of his coram nobis petition from the New York Court of Appeals, which the court denied on February 21, 2013. *See* Dkt. No. 12 at 4–5.

Having viewed all of his state court remedies as being exhausted, Petitioner filed a petition fo a writ of habeas corpus with this Court on March 12, 2013. *See id.* at 5.

## III. DISCUSSION[3]

---

[2] In Petitioner's motion for error coram nobis filed on October 11, 2011, Petitioner contends that his "[a]ppellate counsel was ineffective according to every standard for failure to raise [] viable issue[s]." *See* Dkt. No. 1 at 41. These issues included: (1) lack of evidence that Petitioner forcibly stole property; (2) lack of evidence that Petitioner acted as an accomplice; and (3) ineffectiveness of trial counsel. *See id.* at 42–45.

[3] On July 17, 2014, Petitioner brought to the Court's attention a possible conflict of interest between Petitioner and Magistrate Judge Baxter. *See* Dkt. No. 15. Petitioner subsequently filed evidence of the potential conflict of interest on August 4, 2014, in compliance with an order from this Court dated July 21, 2014. *See* Dkt. No. 17. As indicated in Petitioner's submissions, at the time of Petitioner's jury trial in Albany County Court in front of the Honorable Stephen W. Herrick, Magistrate Judge Baxter was then serving as the Acting United States Attorney. *See id.* From Petitioner's submissions, there is no indication that Magistrate Judge Baxter participated in Petitioner's criminal case in any substantial way. Although Magistrate Judge Baxter's name appears on two letters sent from the United States Attorney's Office for the Northern District of New York, dated October 20, 2008, and December 2, 2008, the letters are singed by then Assistant United States Attorney Richard S. Hartunian. *See id.* at 10–11. The letters simply indicate that the United States Attorney's Office for the Northern District of New York would not use any testimony given by Michael J. Brown in the trial against Petitioner in state court in a criminal proceeding against Mr. Brown. *See id.* The letter in no way indicates that the United States Attorney's Office was involved in the underlying investigation and prosecution of Petitioner in state court.

4

A.      **AEDPA Standard of Review**

The enactment of the Antiterrorism and Effective Death Penalty Act ("ADEPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing this deferential standard, the Second Circuit noted in *Rodriguez v. Miller*, 439 F.3d 68 (2d Cir. 2006), *cert. granted, judgment vacated and cases remanded on other grounds by*, 549 U.S. 1163 (2007), that

> a federal court may award habeas corpus relief with respect to a claim
> adjudicated on the merits in state court only if the adjudication
> resulted in an outcome that: (1) was "contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States", or (2) was
> "based on an unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding."

*Id.* at 73 (quoting 28 U.S.C. § 2254(d)) (footnote omitted); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005) (quotation omitted); *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003) (quotation omitted).

In providing guidance concerning the application of this test, the Second Circuit has observed that

> a state court's decision is "contrary to" clearly established federal
> law if it contradicts Supreme Court precedent on the application of
> a legal rule, or addresses a set of facts "materially
> indistinguishable" from a Supreme Court decision but nevertheless
> comes to a different conclusion than the Court did. [*Williams v.
> Taylor*, 529 U.S. 362] at 405-406, 120 S. Ct. 1495 [(2000)];
> *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir. 2001). . . . [A] state

---

Although the Court does not believe that there is any conflict at issue in the present matter, the Court will nevertheless conduct a *de novo* review of all of the issues raised in the underlying motions, as well as Petitioner's objections to Magistrate Judge Baxter's Report and Recommendation.

5

> court's decision is an "unreasonable application of " clearly
> established federal law if the state court "identifies the correct
> governing legal principle from [the Supreme] Court's decisions but
> unreasonably applies that principle to the facts" of the case before
> it. *Williams*, 529 U.S. at 413, 120 S. Ct. 1495.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F. 3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining whether a state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2009); *see also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted). Courts have interpreted "objectively unreasonable" in this context to mean that "some increment of incorrectness beyond error" is required for the habeas court to grant the application. *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quotation omitted).

As the Second Circuit has further instructed, the necessary predicate for a federal habeas court's deferential review is that a "petitioner's federal claim has been 'adjudicated on the merits' by the state court." *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003) (quotation omitted). "If a state court has not adjudicated the claim 'on the merits,'" the federal habeas court applies the pre-AEDPA standards, and reviews *de novo* the state court disposition of the petitioner's federal claims. *Id.* (quoting *Aparicio v. Artuz,* 269 F.3d 78, 93 (2d Cir. 2001)). "[A] state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Norde v. Keane,* 294 F.3d 401, 410 (2d Cir. 2002) (quoting *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001)). To determine whether a state court has disposed of a claim on the merits, a court will consider: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state

court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." *Aparicio,* 269 F.3d at 93 (quoting *Sellan,* 261 F.3d at 314).

## B. Exhaustion

A petitioner in custody pursuant to a judgment of a state court is entitled to federal habeas relief only if he has exhausted all available state-court remedies. *See* 28 U.S.C. § 2254(b)-(c). A claim has been exhausted if it was fairly presented in the state courts, thereby giving the state the "opportunity to pass upon and correct" alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509 (1971)). A petitioner need not have cited "book and verse on the federal Constitution" in his claim in state court for the claim to have been exhausted. *Picard*, 404 U.S. at 278 (quotation omitted). Rather, a petitioner may have fairly presented his claim to the state courts through

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegations of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Attorney Gen. of the State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982).

As the Second Circuit has held, "to invoke 'one complete round of the State's established appellate review process', a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Smith v. Duncan*, 411 F.3d 340, 345 (2d Cir. 2005) (quoting *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005)) (internal citation omitted). Applicants for leave to appeal must submit legal briefs and other documents to the New York State Court of Appeals, identifying the issues upon which the application is based, and must

focus upon identifying problems of reviewability and preservation of error. *See id.* (quotations omitted).

**C.     Procedural Default**

Federal habeas review of a state-court conviction is prohibited if a state court rested its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729 (noting that the federal court resolution of the federal issue would merely be advisory where the state judgment is supported by independent and legal state grounds) (citations omitted). "This rule applies whether the state law ground is substantive or procedural." *Id.* (citation omitted). The independent and adequate state ground is jurisdictional, thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of the federal claim in a habeas petition. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Instead, the federal court's scope of review is limited to the adequacy of the state law basis to bar the claim's review. *See Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) ("Our task is not to determine whether [the state] ruling was correct, but to determine its adequacy to preclude federal habeas review"). The Second Circuit has typically assessed the adequacy of a "state ground of decision by examining whether the rule upon which the state court relied is firmly established and regularly followed." *Downs v. Lape*, 657 F.3d 97, 102 (2d Cir. 2011). However, in exceptional cases where a state court has engaged in an "exorbitant application of a generally sound rule," the independent state law grounds will be rendered inadequate to prevent review by the federal habeas court. *Id.* "To determine whether [a] case involves an exorbitant misapplication of a state rule, [a court will] look to see if the state's application serves a legitimate state interest." *Id.* "In evaluating the state interest in a procedural rule against the circumstances

8

of a particular case," the Second Circuit has adopted three criteria which serve as guideposts in a court's evaluation:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had substantially complied with the rule given the realities of trial, and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest. *Cotto v. Herbert,* 331 F.3d 217, 240 (2d Cir. 2003).

*Kozlowski v. Hulihan*, 511 Fed. Appx. 21, 25 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 446, 187 L. Ed. 2d 285 (2013).

**D.      Statute of Limitations**

One of the most significant changes to a prisoner's litigation landscape that was brought about by Congress' enactment of the AEDPA was the institution of a one-year statute of limitations applicable to habeas petitions filed after April 24, 1996. *See* 28 U.S.C. § 2244(d). The law now provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme

9

> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003). As the Supreme Court observed in *Duncan v. Walker*, 533 U.S. 167 (2001), this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179; *see also Strauss v. Yelich*, No. 09-CV-0341, 2010 WL 1972781, *3 (N.D.N.Y. May 17, 2010) (citing *Duncan*, 533 U.S. at 179).

The AEDPA's statute of limitations contains a tolling provision which can serve to mitigate the potential harshness of the one-year filing requirement. *See* 28 U.S.C. § 2244(d)(2). This provision

> balances the interests served by the exhaustion requirement and the
> limitation period. Section 2244(d)(2) promotes the exhaustion of
> state remedies by protecting a state prisoner's ability later to apply
> for federal habeas relief while state remedies are being pursued. At
> the same time, the provision limits the harm to the interest in
> finality by according tolling effect only to properly filed
> application[s] . . . .

*Pace v. DiGuglielmo*, 544 U.S. 408, 427 (2005) (quoting *Duncan*, 533 U.S. at 179-80). It is well-settled, however, that this savings provision only tolls the statute of limitations during the pendency of a properly-filed state court proceeding; it does not "reset" the one-year limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Duell v. Conway*, No. 9:07-CV-1321, 2010 WL 2695641, *4 (N.D.N.Y. May 6, 2010) (citation omitted).

**E. Application**

In his objections to Magistrate Judge Baxter's Report and Recommendation, Petitioner contends that his petition for a writ of habeas corpus is not time-barred and that he has complied with the one-year statute of limitations period imposed by the AEDPA. *See* Dkt. No. 12 at 3.

"[U]nder N.Y. Crim. Pro. Law § 450.90, no appeal to the New York Court of Appeals lies from an Appellate Division order denying a motion for leave to appeal a trial court's denial of a CPL § 440.10 motion." *See Horton v. McCoy*, No. 11-CV-0034M, 2012 WL 34071, *2 (W.D.N.Y. Jan. 5, 2012) (citing *Marte v. Brown*, No. 09-CV-1036(RJS)(KNF), 2009 WL 4405803, at * 3 (S.D.N.Y. Dec. 1, 2009)); *see also Hayward v. Connolly*, No. 1:08-CV-00055-ENV, 2010 WL 3125946, at *4 (E.D.N.Y. Aug. 5, 2010) ("As 'there is no provision in New York law for an appeal to the Court of Appeals from an order denying leave to appeal from an order denying a Section 440.10 motion,' such a putative appeal to the Court of Appeals [does] not constitute a properly filed application for post-conviction review which tolls the AEDPA limitations period") (citations omitted).

In the present case, Petitioner argues that the time between June 29, 2012, when the Appellate Division denied his 440.10 motion to vacate his conviction, and September 6, 2012, the date upon which the Court of Appeals dismissed his application for leave to appeal the Appellate Divisions denial on September 6, 2012, should be tolled. *See* Dkt. No. 12 at 4. However, as the case law makes clear, since there is no proper avenue for an appeal of an appellate court's denial of a 440.10 motion, the statutory limitations period began to run again on June 29, 2012.

Until 2002, it was also recognized by the Second Circuit that the statute of limitations period for a writ of habeas corpus was not tolled while a petitioner sought application from the New York Court of Appeals to review an Appellate Court denial of a motion for error coram nobis. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 70 (2d Cir. 2001) (citing to *Geraci v.*

11

*Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000), which "held that petitioner's motion cease[s] to be pending on the date on which the Appellate Division denied it, because, as of that date, 'the door of the New York Court of Appeals [is] closed and further appellate review [is] unavailable'"). However, in 2002, "the New York State Legislature granted criminal defendants the ability to appeal to the New York Court of Appeals", and thus allowed the statute of limitations period to be tolled during the time that a defendant sought review from the Court of Appeals regarding an appellate division's denial of a motion for error coram nobis. *See Blair v. Health*, No. 12-CV-1001, 2013 U.S. Dist. LEXIS 161078, at *4–5 (S.D.N.Y. Nov. 8, 2013). "The Legislature remedied the problem by amending CPL 450.90 (L 2002, Ch 498), authorizing appeals (by permission) to this Court from appellate orders granting or denying coram nobis relief based on claims of ineffective assistance or wrongful deprivation of appellate counsel." *See People v. Stultz*, 2 N.Y.3d 277, 281 (2004).

In Petitioners motion for error coram nobis, filed on October 11, 2012, among other arguments raised, Petitioner contends that his appellate counsel was ineffective. *See* Dkt. No. 1 at 45. In that motion, Petitioner argued that his appellate counsel failed to present arguments concerning the inflammatory and unsupported remarks made by the prosecutor during his summation, such as suggesting to the jury that Petitioner was a member of a Jamaican drug gang and in relying on an affidavit submitted by Andrew Houze. *See id.* at 47. The New York Court of Appeals denied Petitioner's motion for error coram nobis on February 21, 2013. *See* Dkt. No. 12 at 5. Thus, during the pendency of Petitioner's motion for error coram nobis — between October 11, 2012, and February 21, 2013 — the statutory limitations period for his ability to file a writ for habeas corpus would have been tolled.

However, this tolling period would not remedy the Petitioner's untimely filing of the petition for writ of habeas corpus to this Court. As previously stated, the statute of limitations began to run on April 18, 2011, the date on which Petitioner's conviction became final. *See* Dkt. No. 9 at 5. On February 29, 2012, 316 days later, Petitioner filed a motion to vacate his conviction pursuant to N.Y. Crim. Pro. Law § 440.10. *See* Dkt. No. 12 at 4. This state court proceeding tolled the statute of limitations period until June 29, 2012, when the Appellate Division denied Petitioner's appeal of the trial court's denial of his 440.10 motion. *See id.* On June 29, 2012, the statute of limitations period began to run again, upon which Petitioner had 49 days remaining, or until August 17, 2012, to either properly file a subsequent state court motion for relief, or file a petition for habeas corpus with this Court. It was not until October 11, 2012, that Petitioner filed his error coram nobis application, 55 days after the statute of limitations had already expired. Although Petitioner is correct in his objections that a properly filed coram nobis application would have tolled the statute until he received a decision on that application, since the one-year statute of limitations for a habeas corpus petition had already expired his argument is without merit. As Magistrate Judge Baxter correctly noted, when the statute of limitations for federal habeas relief has already expired, filing a new collateral state-court motion does not restart the statute of limitations period. *See Diaz v. Kelly*, 515 F.3d 149, 152 (2d Cir. 2008). When Petitioner filed his petition for writ of habeas corpus with this Court on March 12, 2013, the petition was 207 days past the one-year statute of limitations period.

Petitioner also contends in his objections to Magistrate Judge Baxter's Report and Recommendation that "both the magistrate and the Respondent had failed to subtract the period of time when Petitioner had filed his original habeas corpus, which was withdrawn without prejudice on February 7, 2012." *See* Dkt. No. 12 at 5. In his objections, Petitioner refers to the language

13

within 28 U.S.C. § 2244(d) by stating that "the limitations period is tolled 'during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations.'" *See id.* In *Nuetzel v. Walsh*, No. 00-Civ-8776RJHMHD, 2004 WL 964249, *1 (S.D.N.Y. May 5, 2004), in its opinion regarding petitioner's request to withdraw his petition for habeas corpus without prejudice, the Court cited to a Second Circuit case which held that "withdrawal of a petition may cause the petitioner to lose his opportunity to refile even if he moves quickly before the state courts, because the Supreme Court has held that the premature filing of a federal habeas petition does not toll the one-year time limit for proper filing." *Id.* (citing *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied*, 534 U.S. 1015 (2001)). Moreover, the United States Supreme Court has noted that there is "no likely explanation for Congress' omission of the word 'Federal' in § 2244(d)(2) other than that Congress did not intend properly filed applications for federal review to toll the limitations period." *Duncan v. Walker*, 533 U.S. 167, 173 (2001). Thus, Petitioner's claim that the statute of limitations period should have been tolled from the date that he filed his original petition for a writ of habeas corpus is without merit.

**F.     Equitable Tolling**

In Petitioner's objections to Magistrate Judge Baxter's Report and Recommendation, he has provided no reasons for this Court to find that any periods of equitable tolling should apply. Under 28 U.S.C. § 2244(d), a petitioner is allowed equitable tolling where it can be shown that (1) he has been diligently pursuing his rights; and (2) that some extraordinary circumstance prohibited him from filing his petition in a timely manner. *See Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has failed to put forth any reasons while this Court should equitably toll the statute of limitations in this case.

14

Petitioner has also failed to present any claim of actual innocence in his petition that would require a review of his grounds for relief. The actual innocence exception requires that Petitioner present "new evidence" showing that it is "more likely than not that no reasonable juror would have convicted the petitioner." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) (quotation marks omitted). No such evidence has been presented to the Court.

**G. Motion for the Assignment of Counsel**

Finally, in his filed objections to Magistrate Judge Baxter's Report and Recommendation, Petitioner requests this Court to review his motion for appointment of counsel that had been previously denied by Magistrate Judge Baxter in a decision dated September 24, 2013. *See* Dkt. No. 12 at 6. Petitioner contends that, pursuant to the arguments raised in his objections regarding the timeliness of his petition, it is necessary for this Court to reconsider whether Petitioner should be granted the appointment of counsel. *See id.*

As properly stated in Magistrate Judge Baxter's Decision and Order, "[t]here is no constitutional right to representation by counsel in habeas corpus proceedings." *See* Dkt. No. 11 at 1 (citing *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (citations omitted). However, a court may use its discretion in determining whether to appoint counsel where "the interests of justice so require." 18 U.S.C. § 3006(a)(2)(B). In deciding whether to exercise such discretionary power, the court should consider "the petitioner's likelihood of success on the merits, the complexity of legal issues raised by the petition, and the petitioner's ability to investigate and present the case." *De Los Rios v. United States*, No. 86 CR. 279, 1994 WL 502635, *6 (S.D.N.Y. Sept. 14, 1994). The court should also use its discretion to appoint counsel for a petitioner where an evidentiary hearing is necessary in order to resolve the issues that are

15

raised in the habeas corpus petition. *See* Rule 8(c), Rules Governing § 2254 cases; *see also Green v. Berry*, No. 90-Civ-2441, 1991 WL 4690 (S.D.N.Y. Jan. 11, 1991).

Based on this Court's finding that the petition for writ of habeas corpus was time-barred in that it was filed 207 days after the statute of limitations period had expired, Petitioner's motion for the appointment of counsel is denied as moot.

**H.     Certificate of Appealability**

The Court notes that 28 U.S.C. § 2253(c)(1) provides in relevant part that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from — (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[4] 28 U.S.C. § 2553(c)(1).  A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter.  *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum-Decision and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

Accordingly, the Court hereby

---

[4] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).

**ORDERS** that the petition for a writ of habeas corpus is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 19, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge